Cavanagh, J.
(dissenting). I would affirm the result reached by the Court of Appeals. I do not join the majority opinion because, in my view, Justice MARKMAN raises a persuasive point that RS cannot properly be categorized as suffering from an infirmity in this case.
Nevertheless, I disagree with the result reached in Justice MARKMAN’s opinion, and in the majority opinion, even accepting for purposes of this appeal Justice MARKMAN’S conclusion that the use of the word “includes” within MRE 804(a) indicates that the definition of “unavailability as a witness” contains a “general principle of unavailability.” Given the “importance accorded unavailability in the scheme of hearsay exceptions,” 2 McCormick, Evidence (7th ed), § 253, p 244, and because “our legal system makes public testimony in front of the fact finder an important element of the truth-seeking process,” People v Johnson, 118 Ill 2d 501, 510; 517 NE2d 1070 (1987), in my judgment, more rigorous attempts than were made in this case should occur before declaring a child witness unavailable.
In my view, the facts of this case illustrate the tension created in our courts by attempting to apply the rule of evidence to the “unique situation of a child witness in an alleged sexual abuse case.” People v Straight, 430 Mich 418, 422; 424 NW2d 257 (1988). Specifically, “[t]he tension originates from the conflict between two *740 underlying policies: a desire to protect the most vulnerable of our citizens from heinous and damaging exploitation, and a need to protect the accused individual against both erroneous conviction and the devastating consequences that can follow.” Id. at 422-423. Because I question whether our existing rule of evidence was drafted with the unique issues involving child witnesses in mind, I would consider reexamining our rule concerning unavailability, as other jurisdictions have done.